IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLARENCE W. BROOKS, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| VS. ) | Case No. CIV-05-391-L |
| ) | |
| KINGFISHER COUNTY JAIL, et al., ) | |
| ) | |
| DEFENDANTS. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, a pretrial detainee appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging various violations of his federal constitutional rights. United States District Judge Tim Leonard has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Defendants have filed a motion to dismiss, to which Plaintiff has responded. Upon review of the motion it was determined that it relied upon documents outside the pleadings, and out of perhaps an overabundance of caution,[1] the undersigned found that it should be treated as a motion for summary judgment. The parties were given notice of the Court's intention to convert the motion to dismiss to one for summary judgment, were advised of the requirements of Fed. R. Civ. P. 56, and were given an opportunity to supplement their briefs. Defendants have since filed a reply to Plaintiff's response, and Plaintiff has supplemented his response. Plaintiff has filed an additional "Motion for Supplemental Response" that the undersigned has also considered. Thus, the matter is at issue and ready for disposition. For the reasons set forth below, it is recommended that the motion for

---

[1] See Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1212 (10th Cir. 2003) (" if the prisoner 'does not incorporate by reference or attach' the administrative [documents], 'a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss'").

summary judgment be granted, and that this action be dismissed without prejudice for Plaintiff's failure to exhaust his administrative remedies.

In a three-count complaint, Plaintiff first alleges a lack of medical attention since his incarceration in the Kingfisher County Jail. Complaint, p. 3. Specifically, he alleges that prior to his incarceration[2] he was involved in a car accident resulting in extensive injuries for which he was receiving outpatient treatment. Complaint, p. 3A. He alleges that he was left with head trauma causing short term memory loss and other effects, such as his bones growing at an exceedingly fast rate without proper care. Id. He alleges that his left elbow was fractured, causing it to fill with fluid and that it needs draining, which has been ignored. Id. He also alleges that his left hip has grown tremendously big and that he can barely move it; he alleges that due to a lack of therapy it needs to be shaved back down to its normal size. Complaint, p. 3A. He further alleges that his doctor has requested that he receive physical therapy on Mondays, Wednesdays, and Fridays; speech therapy on Tuesdays and Thursdays; and that he has been prescribed medication for pain, "nerves," sleep, relaxation, and depression. Complaint, p. 3A2. He claims that he has been suffering and in pain because the facility will not provide medical attention, and that he tried to sign a medical release so that Defendants could have his medical records but they said they would not be needing them. Complaint, p. 3A2. Plaintiff alleges that he fell in the shower at the jail after being incarcerated, and was hospitalized, but that a prescription for pain medication was never filled after he was returned to the jail. Id.

---

[2]In a telephonic hearing on Plaintiff's motion for emergency medical care, discussed below, Plaintiff stated that the car accident occurred in 2003.

In Count II, Plaintiff alleges that the showers at the jail are old, rusted metal with no handrails or chair, and are not disability accessible. Complaint, p. 3. He claims that he slipped and fell on March 19, 2005, and "busted [his] head open." He claims that he was hospitalized and had bad headaches, stiff neck, and a lower "back mid-section ache fractured." Complaint, p. 3. He also claimed that he started coughing up blood and had frequent nose bleeds. Id.

Finally, in Count III, Plaintiff claims that his Eighth Amendment rights have been violated because he has been held with excessive/no bond on a misdemeanor charge for over thirty days, and he wanted to get the medical attention he needed. Complaint, p. 4.

## I. PROCEDURAL POSTURE

Shortly after this case was filed, a hearing was held before the Court for consideration of eight separate motions: four motions by Plaintiff for an order compelling emergency medical care [Doc. Nos. 11, 12, 15, 18]; two motions by Plaintiff to supplement the record with documents demonstrating Plaintiff's efforts to exhaust his administrative remedies [Doc. Nos 8, 13]; Plaintiff's motion to compel non-parties to produce Plaintiff's medical records to this court [Doc. No. 10]; and Plaintiff's motion for leave to continue his in forma pauperis status [Doc. No. 14 and a portion of Doc. No. 18]. Plaintiff, Defendant Eldon Dickson, Jail Administrator, and counsel for Defendants Dickson and Kingfisher County Jail all appeared by telephone. After hearing from Plaintiff, as well as from Defendant Dickson and the Defendants' attorney Jason Wagner, the undersigned denied the motions for an order compelling medical care; struck as moot

the motions to supplement the record; granted the motion to compel medical records; and struck as moot the motion to proceed in forma pauperis.

At the hearing, Plaintiff informed the Court that he was soon to be transferred to the Oklahoma Forensic Center in Vinita, Oklahoma, for a competency evaluation as part of his ongoing criminal case. It was suggested that if Plaintiff was to be transferred from the Kingfisher County Jail, and unable to receive notices from the Court and opposing counsel regarding this litigation, Plaintiff may wish to apply for a temporary stay pending completion of his competency evaluation. Plaintiff thereafter filed a motion to stay the case [Doc. No. 25], which was granted by the Court – with the exception of Defendant Kingfisher County Jail's obligation to prepare and file a special report as previously ordered. Thereafter, both Plaintiff and Defendants notified the Court that Plaintiff had been returned to the Kingfisher County Jail, and Plaintiff's motion to lift the stay that had previously been entered was granted. [Doc. Nos. 32, 33, 34].

## II. THE EXHAUSTION REQUIREMENT

It is Plaintiff's burden to show that he has exhausted his administrative remedies as required by the Prison Litigation Reform Act (PLRA). Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1207-09 (10th Cir. 2003), cert. denied 125 S.Ct. 344 (2004) (construing 42 U.S.C. § 1997e(a)). In Steele, the Tenth Circuit Court of Appeals held that exhaustion of administrative remedies is an essential allegation of a prisoner's claim, as "it is the prisoner who can best assert the relationship between his administrative grievance and court filing." Id. at 1210. Accordingly, a "prisoner must: (1) plead his claims with 'a short and plain statement ... showing that [he] is entitled to relief,' in

compliance with Fed.R.Civ.P. 8(a)(2), and (2) 'attach[ ] a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.'" Id. (citations omitted). Furthermore, "a complaint 'that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.'" Id. (quoting Rivera v. Allin, 144 F.3d 719, 731 (11th Cir.1998)).

Further strengthening the exhaustion requirement, the Tenth Circuit has adopted both the concepts of procedural default and total exhaustion in connection with § 1997e(a). First, with regard to the concept of procedural default, the Court has stated that "[r]egardless of whether a prisoner goes through the formality of submitting a time-barred grievance, he 'may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them.'" Ross v. County of Bernalillo, 365 F.3d 1181, 1186 (10th Cir. 2004) (citations omitted). Second, the Court has held that an action containing both exhausted and unexhausted claims is subject to dismissal: "We agree that the PLRA contains a total exhaustion requirement, and hold that the presence of unexhausted claims in [the plaintiff's] complaint required the district court to dismiss his action in its entirety without prejudice." Id. at 1189; Wilson v. Ward, No. 04-6123, 2005 WL 256575, at **1 (10th Cir. Feb. 3, 2005)[3] (citing Ross, Graves v. Norris, 218 F.3d 884, 885 (8th Cir.2000) ("When multiple prison condition claims have been joined ..., § 1997e(a) requires that all available prison grievance remedies must be exhausted as to all of the claims.") and United States v. Mubarak, 315 F.Supp.2d 1057, 1060 (S.D. Cal. 2004)

---

[3]This and any other unpublished dispositions are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

(examining the language of 42 U.S.C. § 1997e(a) and determining that "[u]se of the term 'action' instead of 'claim' evidences an intent to disallow mixed complaints")). However, the Tenth Circuit has recognized that if prison officials prevent a prisoner from proceeding with exhaustion of administrative remedies, prison officials render that remedy unavailable such that a court will deem the procedure exhausted. Baughman v. Harless, No. 04-6256, 2005 WL 1806442, at *4 (10th Cir. Aug. 2, 2005).

## III. DISCUSSION

In their motion to dismiss, now converted to a motion for summary judgment, Defendants state that Plaintiff was booked into the Kingfisher County Jail on February 25, 2005, and that during "this book-in procedure, as in previous book-in procedures, Plaintiff was provided a copy of the Kingfisher County Jail facility rules." Defendants' Motion, p. 4 and Ex. 2.[4] Those rules contain two provisions relevant to the exhaustion issue. Rule number 12 provides that "[r]equests for medical care must be submitted in writing. Emergency care will be provided as needed." Defendants' Motion, Ex. 2 ¶ 12. Rule number 14 provides that [a]ny prisoner that has a grievance must submit it in writing to the jailer on duty." Id. at ¶ 14.

Defendants claim that Plaintiff had only filed three written grievances before filing this action, and have attached those grievances to their motion. Defendants' Motion, p. 4 and Ex. 1. Each grievance form has a space for "inmate name," "date," and "time." It

---

[4]Exhibit 2 is a copy of the "Kingfisher Sheriff's Department Jail Facility Rules" which Plaintiff acknowledged receiving on January 13, 2003. Defendants acknowledge that these rules were from "a previous arrest." Defendants do not explain why a copy of the rules given to Plaintiff during his most recent book-in procedure was not provided, and do not explicitly represent that these are the current rules governing administrative remedies at the jail.

then has a section labeled "nature of complaint," followed by thirteen lines. Following this section, the form has a space for "jailer," "date," and "time." <u>See</u> Defendants' Motion, Ex. 1. The first in time of the three grievances provided by Defendants was filed on March 22, 2005, and in the "nature of complaint" section, states as follows:

> I have been in this place for I Guess 3 weeks and I have complained about my medical problem and filled out I don't know how many medical request as asked by this staff and never recieved[5] any medical help. All this time I have been here I've been without a bath and I was not used too showering and baring much wieght on my left foot because it cannot handle much pressure. I took the risk because my body oder was getting bad so I guess I slipped my foot could not handle it. Now I have bad head aches, my neck is stiff and hurt, three of my teeth are loose and hurt and the lower mid-section of my back from my present injuries I never had medical help, nor am I getting any medical help from my pain and injury I received here and I have sent medical request.

Defendants' Motion, Ex. 1 (Grievance of Mar. 22, 2005). The grievance bears a signature in the "jailer" space, and is dated March 22, 2005, at 12:05 P.M. There is no place on the grievance form for a response, and none appears on the form.

The next grievance is dated March 28, 2005, at 6:00 A.M. As the nature of complaint, Plaintiff states:

> I have filled out numerous medical Request seeking medical assistants since I have been here at this facility. I've also filled out medical request seeking medical assistants from a previous injury that occured to me here this facility. Not one request has been acknowledged. I've also filed grievance and it seems that this Facility has also ignored it because there has never been a reply. I feel that I am being denied my rights by law to proper medical assistants. And due to the nature of the pain I have been going thru and the stress that is cruel and unusual punishment. I don't know who is responsible for making me suffer but I promise if the last thing I do on this earth before I die I will have his job we mite find him in the unemployment line.

---

[5]Any errors in the quotations from Plaintiff's administrative documents are in the original.

Defendants' Motion, Ex. 1 (Grievance of Mar. 28, 2005). At the bottom of the form, Plaintiff added the following statement: " I mite be crazy! But I'm not Stupid!" Id. This form is also signed in the space provided for "jailer," and is dated March 28, 2005, at 7:00 A.M. Defendants' Motion, Ex. 1 (Grievance of Mar. 28, 2005). Once again, no response to the grievance appears on the form. Id.

The third grievance attached to Defendants' motion is dated April 1, 2005, at 8:00 A.M. In the nature of complaint section, Plaintiff states:

> I sent Letters from this place and they never reached there destination. I wrote 3 Attornies and not one recieved a letter and plus I wrote the Disability Law center and they never recieved one and I know all mail that goes out and comes in is supposed to be Logged. I don't think any of it was mailed. Thats fine. I mailed off for some civil complaint forms and I am going to file a suit for denying me proper medical assistants and also for messing with my mail. I am going to file it myself. So just Deny me all my rights. Another inmate should me how to file one myself.

Defendants' Motion, Ex. 1 (Grievance of Apr. 1, 2005). This form is also signed in the space for jailer, and is dated April 1, 2005, 8:12 A.M. Id. Once again, there is no response to the grievance indicated anywhere on the form.

Defendants contend that as Plaintiff's grievances only concern his medical care, slipping in the shower, and his outgoing mail, he has failed to exhaust his administrative remedies with regard to all of the claims raised in his complaint. They acknowledge that Plaintiff has attempted to supply the Court with grievances through motions, but contend that these grievances cannot serve to exhaust administrative remedies as they were received by the jail after this action was filed. See Doc. Nos. 8, 13, 15.

Plaintiff responds that he filed countless medical requests, and grievance forms, and never got one reply back. Plaintiff's Response, p. 2. He claims that because

Defendants never replied, he never got any copies back and cannot provide them to the Court.  Id. at 3.  As for those post-dating the filing of the complaint, he claims that the person who gave him the § 1983 civil rights form used to file this action, advised him to start filling out two of each medical request and grievance forms so that copies could be provided to the Court.  Plaintiff's Response, p. 3.  He claims that the two or three exhibits provided by Defendants are "merely just a couple to try and cover up," and that they could have provided at least one medical request.  Plaintiff's Response, p. 4.  Plaintiff claims that he was ordered for a competency examination because he lost his memory and was in a coma following his car accident.  Id. at 5.  He also claims that several other inmates at the Kingfisher County Jail have had medical requests and grievances that were not responded to nor returned back to them, and that these inmates wrote a letter regarding the matter to the Oklahoma Attorney General.  Id. at 6.  He attaches a letter from Rhonda L. Langley, paralegal/investigator with the Oklahoma Attorney General, acknowledging that the letter had been received and forwarded to the Jail Inspection Division of the Oklahoma Health Department on May 17, 2005. Plaintiff's Response, Ex. 1.

In reply, Defendants contend that Plaintiff's response contains only "general and conclusory allegations that he exhausted administrative remedies," and that his failure to describe with specificity the administrative proceeding and its outcome or to enumerate what allegations that he exhausted, is insufficient.  Reply, p. 1.  They also claim that Plaintiff's complaint contains both exhausted and unexhausted claims, in that Plaintiff did not file any grievances regarding the jail's failure to fill his prescriptions,

provide him speech therapy or physical therapy, shave the bone in his hip, provide a shower chair/handrails, or provide him with a bond. Reply, p. 2.

In Plaintiff's supplemental response, he directs the Court's attention to the contents of the grievances Defendants have supplied. In particular, Plaintiff notes his statements therein that he has filled out numerous medical requests, that he has filed a grievance that has been ignored, that Defendants are denying his rights to proper medical care, and that he has filled out so many medical requests he does not know how many. Plaintiff's Supplement, p. 3. In his "Motion for Supplemental Response," [Doc. No. 49], he also states "[t]here was grievances filed on the bond but the Defendants just didn't provide all the medical request and grievances filed by Plaintiff the Defendants only presented what they wanted." Id. at 3.

Upon review of the documents supplied by Defendants, as well as the briefs of the parties, the undersigned finds that Plaintiff has exhausted his administrative remedies with regard to Count I of the complaint. Although the three grievances supplied by Defendants may not reference all of the same supporting facts listed by Plaintiff in connection with his claim for lack of medical attention, such does not render the claim unexhausted. Plaintiff is clearly complaining in the grievances that medical care related to both his pre-existing medical condition and his fall in the shower was being denied, and that is also his claim in Count I.

However, the undersigned agrees with Defendants that Plaintiff's remaining two claims, those contained in Counts II and III are not exhausted. Plaintiff's claim in Count II is that the shower in the Kingfisher County Jail is not accessible to the disabled.

10

Complaint, p. 3. However, Plaintiff's grievance regarding his fall in the shower is focused on his injuries and the lack of medical attention received for those injuries. See Defendants' Motion, Ex. 1 (Grievance of Mar. 22, 2005). In his description of the fall, Plaintiff states that he "was not used too showering and baring much wieght on my left foot because it cannot handle much pressure," but that he "took the risk." Id. However, Plaintiff seeks medical care in the grievance; he does not ask for a shower chair or any other accommodations for the shower. Accordingly, this grievance would not put the reasonable reader on notice that Plaintiff was grieving the lack of an disability-accessible shower facility. One of the main purposes of exhaustion is to give prison officials the first opportunity to address the prisoner's complaint – thereby potentially eliminating the need for litigation – and to create an administrative record that facilitates review of the prisoner's claim if litigation is ultimately pursued. Ross, 365 F.3d at 1184. Neither has occurred in this case with regard to Plaintiff's claim regarding lack of shower facility accessible to those with his alleged disability. See Smith v. Rudicel, No. 04-3462, 2005 WL 375861, at **2 (10th Cir. Feb. 17, 2005), cert. denied ___ S. Ct. ___, 2005 WL 1046281 (Oct. 2005) ("It would therefore be inappropriate to allow a plaintiff to bring new claims at this stage, even where similar claims have been fully exhausted."); Palozie v. Pugh, No. 04-1313, 2004 WL 2931372, at **2 (10th Cir. Dec. 20, 2004) (no exhaustion where documents do not necessarily match with specificity the claims raised in plaintiff's complaint).

With regard to Count III, none of the three grievances submitted by Plaintiff concern any claim that these Defendants have violated his Eighth Amendment rights by

holding him with no bond or with excessive bond. In his most recent "Motion for Supplemental Response," Plaintiff states that "[t]here was grievances filed on the bond," but provides no other details. Id. at 3. This belated claim is neither presented in the form of an affidavit nor under penalty of perjury, and even if it were, conclusory statements such as those made by Plaintiff, simply fail to fulfill a nonmovant's burden at the summary judgment stage. Wilson v. Sharp, No. 94-6264, 1994 WL 699162, at *2 (10th Cir. Dec. 14, 1994); BancOklahoma Mortgage Corp. v. Capital Title Co., Inc., 194 F.3d 1089, 1101 (10th Cir.1999) ("While an affidavit is certainly an appropriate vehicle to establish a fact for summary judgment purposes, the affidavit must set forth facts, not conclusory statements."); Barrett v. Kocher, No. 04-10302, 2005 WL 752780, at **2 (5th Cir. Apr. 4, 2005) (conclusory statements that failed to describe injuries or identify attackers, failed to identify dates of attacks, or circumstances of attacks were not sufficient to qualify as "specific facts" to establish that material fact existed). Plaintiff has failed to provide any specific statement as to the times, dates, or circumstances under which he allegedly grieved the lack of a bond. Without such specific facts, Plaintiff's general claim that grievances were filed is insufficient. Moreover, even if this claim were exhausted, Plaintiff's failure to exhaust his claim in Count II would require dismissal of the action. The undersigned also notes that although the claim raised in Count III is fraught with a number of weaknesses, the only issue raised by Defendants is whether the claim has been exhausted administratively. The undersigned finds that it has not.

In summary, only Count I of the complaint filed herein is fully exhausted. Thus, it is recommended that the action be dismissed without prejudice for Plaintiff's inclusion

of unexhausted claims in this § 1983 action. It is further recommended, however, that under the unique circumstances of this case, Plaintiff be given an opportunity to amend his complaint to omit Counts II and III prior to dismissal of the entire action. Because Plaintiff's action includes serious allegations regarding a delay in the receipt of medical care, and a dismissal will no doubt result in even further delay, Plaintiff should be given a choice as to which course to take. See West v. Kolar, No. 03-6265, 2004 WL 1834634 at *1 (10th Cir. Aug. 17, 2004) ("The district court should have either dismissed the entire complaint to permit [plaintiff] to exhaust his administrative remedies or, in the alternative, have given [plaintiff] the opportunity to dismiss his unexhausted claims and to proceed solely on those he had exhausted.")

## RECOMMENDATION

For the reasons set forth above, it is recommended that the motion to dismiss/motion for summary judgment of Defendants Kingfisher County Jail and Eldon Dickson [Doc. No. 42] be granted, and that Plaintiff's complaint be dismissed without prejudice for failure to show total exhaustion of administrative remedies. It is further recommended, however, that under the unique circumstances of this case, Plaintiff be given an opportunity to amend his complaint to omit Counts II and III prior to dismissal of the entire action. In light of this recommendation, it is further recommended that Plaintiff's motion for discovery [Doc. No. 48] be denied without prejudice to his right to renew the motion at a later time should he elect to dismiss his unexhausted claims and proceed with Count I. The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by October 31, 2005, in

accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 11th day of October, 2005.

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE