IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLARENCE W. BROOKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CIV-05-391-L |
| KINGFISHER COUNTY JAIL, et al., | ) ) ) ) |
| Defendants. | ) ) |

# **O R D E R**

This matter is before the court for review of the Report and Recommendation entered by the Honorable Doyle W. Argo on October 11, 2005, in which he recommended dismissal of plaintiff's complaint for failure to fully exhaust his administrative remedies. Judge Argo also recommended that plaintiff be given the option to amend his complaint to dismiss the unexhausted claims prior to dismissal of the entire action. In his response to the Report and Recommendation, plaintiff indicates he would like to amend his complaint to omit one unexhausted claim, but objects to omitting the second unexhausted claim. Plaintiff contends that he has, in fact, exhausted his administrative remedies with respect to Count III, which alleges a violation of the Eighth Amendment's excessive bond provision. In support of this contention, he attaches a copy of a Grievance Form dated October 17, 2005. *See* Exhibit 1 to Response to Report and Recommendation. This Grievance Form, unlike

1

the other such forms in the record, is not signed or dated by a member of the jail staff.  *Compare* Exhibit 1 to Response to Report and Recommendation *with* Exhibit 1 to Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. Rule 12(b)(6) (Doc. No. 42).

Pursuant to 28 U.S.C. § 636(b), the court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  In accordance with this mandate, the court has reviewed the Report and Recommendation, petitioner's response thereto and the case file.  Based on this review, the court concludes the Report and Recommendation should be approved and adopted in its entirety.  Judge Argo correctly determined that plaintiff did not exhaust his administrative remedies as to Counts II and III prior to filing this action.  Plaintiff's most recent exhibit does not cure this defect with respect to Count III.  From his response, it appears that plaintiff does not intend to amend his complaint to omit his unexhausted claims.  Out of an abundance of caution, however, the court will grant plaintiff one last opportunity to omit Counts II and III and to proceed with Count I.

In sum, the Report and Recommendation is approved and adopted in its entirety. Defendants' Motion to Dismiss (Doc. No. 42), which the court converted to a motion for summary judgment, is GRANTED.  Plaintiff, however, is granted leave to file an amended complaint that omits Counts II and III.  The amended complaint shall be filed no later than **February 1, 2006**.  Failure to file an amended complaint

in accordance with this Order will result in dismissal of this action without prejudice and without further notice to plaintiff.

It is so ordered this 19th day of January, 2006.

*Tim Leonard*
TIM LEONARD
United States District Judge